12668

FEDERAL INTERMEDIATE CREDIT BANK v. THOMAS

(148 S. E., 364)

*Mr. W. C. Davis* for appellant,

*Messrs. 'DuRant & Sneeden* for respondent,

May 23, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, Federal Intermediate Credit Bank, against the defendant, H. M. Thomas, is an action of claim and delivery for the recovery of certain crops and other personal property, commenced in the Court of Common Pleas for Clarendon County, February 11, 1927. The allegations contained in plaintiff's complaint pertinent to the questions involved are, in substance, as follows:

On the 14th day of January, 1926, the defendant, for valuable consideration, executed and delivered unto the Manning Crop Loan Association his certain promissory note in the sum of $650, payable to the order of Manning Crop Loan Association, due nine months after date of execution, containing the usual provision for the payment of interest and attorney's fees, and with a further provision waiving demand and protest and notice of demand, protest, and nonpayment; and that the defendant at the time of the execution and delivery of said note also executed and delivered in connection with the same, as security to the pay-

ment of said obligation, a chattel mortgage covering certain crops and other personal property of the defendant; that before maturity and prior to the commencement of this action the said note and mortgage were for valuable consideration transferred and assigned unto the plaintiff, who is now the legal holder of the same; that the obligation was past due with no payments thereon except the sum of $200, made by way of reduction; and that the conditions of the mortgage had been broken. In the prayer of the complaint, plaintiff asked for judgment against the defendant for the amount due, including 10 per cent. attorney's fees, as provided in the note, for the possession of the mortgaged property, and in case delivery of the property could not be had, then for the value of the same, alleged to be $550, and in addition asked for the cost of the action and for such further relief as might be just and right.

The defendant admitted having executed and delivered to the Manning Crop Loan Association the papers in question, but denied that the same were before maturity for valuable consideration transferred and assigned to the plaintiff, and denied that the plaintiff was the legal holder of the same; also denied the allegation that only the sum of $200 had been paid on the obligation, and further denied that the plaintiff was entitled to the possession of the property in question.

As a further defense to the complaint, the defendant made the following additional allegations:

"I. That for several years this defendant has been borrowing money from the Manning Crop Loan Association and has had no dealings whatsoever with the plaintiff, getting his money from the Manning Crop Loan Association at the Bank of Manning, paying his debt to the Manning Crop Loan Association at the Bank of Manning and has never had any notice that the plaintiff ever owned or held any interest in the papers of this defendant, his papers upon

payment during the previous years being marked satisfied by the Manning Crop Loan Association.

"II. That during .the year 1926 this defendant, following the same course, obtained the sum of Four Hundred and Fifty and No/100 Dollars from the Manning Crop Loan Association at the Bank of Manning, and before its maturity paid to the Manning Crop Loan Association Three Hundred and Eighty-two and No/100 Dollars for credit upon the said note mortgage; and if the plaintiff had any interest in such proceeds of which this defendant had no advice, and the Manning Crop Loan Association, its agent, failed to transmit all of the proceeds so paid to the agent of the plaintiff, this defendant cannot be held liable for its delict and this defendant alleges that he owes unto the plaintiff only the sum of Sixty-eight and No/100 Dollars with interest at 8% per annum from the 14th day of October, 1926, which this defendant is ready and willing to pay unto the plaintiff at this time, and consents that judgment may be taken against him for the said sum and interest.

"III. That this defendant never received any notice of the interest of the plaintiff in his note and mortgage until the 5th day of 'December, 1926, and alleges that the payments made by this defendant to the Manning Crop Loan Association, because of his prior dealings with the said Manning Crop Loan Association, ratified and confirmed by the plaintiff time and time again, constitutes the Manning Crop Loan Association the agent of the plaintiff and this defendant is entitled to credit for the .sum of Three Hundred and Eighty-two and No/100 Dollars paid as stated above to said agent.

"IV. That this defendant has offered to pay unto the plaintiff's agent and representative the said sum of Sixty-eight and No/100 Dollars with interest thereon, which offer was declined by plaintiff's agent and representative, and which offer is now repeated."

The case came on for trial before his Honor, Judge M. M. Mann, and a jury, at the spring term of the Court of Common Pleas for Clarendon County, 1927. At the close of plaintiff's testimony, the defendant made a motion for a nonsuit, which motion his Honor, Judge Mann, overruled. At the close of all the testimony, on the motion of the plaintiff, a verdict was directed for the plaintiff against the defendant, in accordance with the prayer of plaintiff's complaint.

From the entry of judgment on the verdict, directed by the Circuit Judge, the defendant has appealed to this Court, imputing error to his Honor, Judge Mann, in a number of instances; but under the view we take the case, it is only necessary to consider the exceptions imputing error in overruling defendant's motion for a nonsuit and granting the plaintiff's motion for direction of a verdict.

The defendant's motion for a nonsuit seems to have been based on the ground that the proof did not show the amount due on the alleged obligation and did not show that the plaintiff was the owner of the note and mortgage in question. An examination of the record convinces us that the Circuit Judge committed no error in overruling this motion. The testimony in the case tended to establish the amount due, and also tended to show that the plaintiff was the owner of the papers. The exceptions alleging error in the failure to grant a nonsuit are therefore overruled.

As to the exceptions imputing error to the Circuit Judge in directing a verdict for the plaintiff, we think the same should be sustained. It was the contention of the defendant, and testimony was offered to that effect, that the defendant made payment of the whole amount of the indebtedness, except the sum of $68 and interest thereon, to the Manning Crop Loan Association as the agent of the plaintiff. The plaintiff contended that the Manning Crop Loan Association was not its agent and had no authority to receive payment from the defendant. It is not within the sphere of this Court

to decide that question, but under our view of the testimony that question should have been submitted to the jury, and the failure to do so was, in our opinion, error of law. The exceptions imputing error in this respect are therefore sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.